FARMER, J.
In this bench trial on a charge of illegal possession of a firearm by a violent career criminal, defendant argues that the state failed to prove an essential element of the crime, namely that defendant actually had the firearm in his possession. The critical evidence of possession hinges on testimony of a police officer who was responding to a call about a domestic disturbance.
As the responding officer approached the scene, a man stopped the officer and told him about another auto driving away from the scene. Because of earlier proceedings in the case the trial judge anticipated that the officer would say that the man told the officer that his wife was in the auto with a man who had a gun. Before the officer could actually give this *473 account at the trial, however, the following occurred:
“Q. When this person jumped out of the car, could you describe his physical or emotional state without describing what he said?
“A. He was extremely upset and basically ran over to my car and began yelling at me.
DEFENSE: I just continue to object to this hearsay, whether this person was [unintelligible].
JUDGE: Well it’s the lady’s husband, and he was saying that his wife was in a car with a guy with a gun. Right?”
“Q. Is that true?
“A. Yes, it is.
“Q. Was he in an excited state?
“A. Yes he was.”
On appeal, defendant argues that the critical testimony — that the man in the car had a gun — was never actually given by the witness and came only from the trial judge, which is demonstrably insufficient. The transcript plainly shows, however, that the witness confirmed the statements of the trial judge. Hence the critical element was actually proven through the testimony of the witness.
There being no merit in any other arguments by defendant, the conviction and sentence are
AFFIRMED.
GUNTHER and POLEN, JJ., concur.